[No. 14623-5-III.  Division Three.  January 7, 1997.]

THE STATE OF WASHINGTON, *Appellant*, v. REFUGO PADILLA, *Respondent*.

524

*James R. Sweetser, Prosecuting Attorney*, and *Kevin M. Korsmo, Deputy*, for appellant.

*Charles S. Dorn* and *Brian O'Brien, P.S.*, and *Brian C. O'Brien*, for respondent.

MUNSON, J. — Refugo Padilla pleaded guilty to the lesser of two charges alleging alternative means of com-

mitting a single offense. The issue is whether the plea precludes the State from proceeding to trial on the more serious alternative allegation. We affirm.

Based on a single incident, the State charged Mr. Padilla with two offenses in the alternative: first degree assault, RCW 9A.36.011(1)(a); and second degree assault with a deadly weapon enhancement, RCW 9A.36.021(1)(c) and RCW 9.94A.125 and .310. The information alleged the second count as an alternative to the crime alleged in Count 1. The State alleged the second degree assault in order to give notice of its intent to seek the deadly weapon enhancement in the event the jury found Mr. Padilla guilty of the lesser offense.

Over the State's objection, Mr. Padilla pleaded guilty to Count 2. The trial court accepted Mr. Padilla's plea, found prosecution on Count 1 was barred by double jeopardy, and dismissed that charge.

■ ■ The State contends the court could not accept a guilty plea to only one alternative charged in the information. A defendant is entitled to plead guilty, so long as the court determines the plea is voluntary and has a factual basis. CrR 4.2(a); *State v. Ford*, 125 Wn.2d 919, 891 P.2d 712 (1995). Once a plea has been entered, the trial court has discretion to permit or deny a change of plea. *State v. Duhaime*, 29 Wn. App. 842, 631 P.2d 964 (1981), *review denied*, 97 Wn.2d 1009 (1982). Here, the court, in its discretion, accepted Mr. Padilla's guilty plea.

The State contends the guilty plea on one alternative does not preclude the State from seeking a conviction on the more serious alternative. Both sides agree trial is not barred by constitutional double jeopardy protections. Both sides also agree trial is not barred by the provisions of RCW 10.43.020, which prohibits subsequent indictments based on an offense for which the defendant has been previously convicted or acquitted. The parties differ solely as to the applicability of RCW 10.43.050:

Whenever a defendant shall be acquitted or convicted upon

an indictment or information charging a crime consisting of different degrees, he cannot be proceeded against or tried for the same crime in another degree, nor for an attempt to commit such crime, or any degree thereof.

■ This statute bars successive prosecutions for different degrees of the same crime but does not apply to lesser included offenses. *State v. Netling*, 46 Wn. App. 461, 731 P.2d 11, *review denied*, 108 Wn.2d 1011 (1987). The State argues that because of the inclusion of the deadly weapon allegation in Count 2, Count 2 is a lesser included offense of Count 1, not the same crime in another degree. This argument is flawed. The weapon enhancement does not alter the fact that a conviction under Count 2 is a conviction "upon an indictment . . . charging [assault,] a crime consisting of different degrees . . .," and that a trial on Count 1 would be a trial "for the same crime[, assault,] in another degree . . . ." RCW 10.43.050. The statute plainly bars successive convictions under the information in this case.

■ RCW 10.43.050 bars trial only following a conviction or acquittal. A plea of guilty is equivalent to conviction and has the same effect as a verdict of guilty following a jury trial. *In re Williams*, 111 Wn.2d 353, 357, 759 P.2d 436 (1988); *see State v. Tate*, 2 Wn. App. 241, 469 P.2d 999 (1970).

Acceptance of Mr. Padilla's guilty plea to second degree assault was a conviction for purposes of RCW 10.43.050 and barred further proceedings for the same crime in another degree. Count 1, the first degree assault charge, was properly dismissed.

We affirm.

SCHULTHEIS, A.C.J., and THOMPSON, J., concur.

Review denied at 132 Wn.2d 1002 (1997).