[No. 34628-1-II.   Division Two.   July 3, 2007.]

THE STATE OF WASHINGTON, *Respondent*, v. DEREK LAMONT BLANKS, *Appellant*.

*Sheri L. Arnold*, for appellant.

*Gerald A. Horne, Prosecuting Attorney, P. Grace Kingman, Deputy*, and *John M. Cummings, Legal Intern*, for respondent.

---

¶1 QUINN-BRINTNALL, J. — Derek L. Blanks seeks withdrawal of his guilty plea to one count of first degree child molestation, arguing that the plea was involuntary and that his counsel was ineffective. The facts underlying Blanks's conviction are not known. The State charged him with first degree child molestation and two counts of first degree child rape. In exchange for a guilty plea, the State dropped both child rape charges. The trial court accepted the guilty plea, and then Blanks promptly sought to withdraw the plea, arguing that his attorney did not adequately investigate the case before he entered the plea and that Blanks did not understand that the State would not recommend a special sex offender sentencing alternative (SSOSA). The trial court held a lengthy evidentiary hearing, found that Blanks was not a credible witness, and denied his motion.

¶2 Blanks then argued that the State incorrectly calculated his offender score because two sets of prior convictions were the same criminal conduct. He prevailed on his argument regarding one set of convictions, and the trial court reduced his score from six to five. But Blanks did not move to withdraw his plea based on the miscalculation.

¶3 This appeal requires that we review whether: (1) Blanks's plea was voluntary, (2) Blanks waived his right to appeal the voluntariness of his guilty plea, (3) defense counsel was ineffective, and (4) Blanks presents an issue warranting reversal in his statement of additional grounds

for review (SAG).[1] Regarding the first and second issues, *State v. Mendoza*, 157 Wn.2d 582, 587, 141 P.3d 49 (2006), controls our decision. *Mendoza* holds that a defendant has the right to withdraw a guilty plea based on a miscalculated offender score resulting in a lower standard range than anticipated by the parties when negotiating the plea. But *Mendoza* also holds that a defendant waives the right to challenge his plea if he was informed of the miscalculation before sentencing and did not object or move to withdraw the plea on that basis. Applying our state Supreme Court's opinion in *Mendoza*, as we must,[2] we affirm.

## ANALYSIS

INVOLUNTARY GUILTY PLEA

¶4 Blanks asserts that his guilty plea is defective because (1) he did not understand that the State would not recommend a SSOSA and (2) the plea agreement calculated his offender score as six with a sentence of 98 to 130 months, but the trial court reduced his score to five with a sentence range of 77 to 102 months.

¶5 Due process requires that a defendant's guilty plea be knowing, voluntary, and intelligent. *In re Pers. Restraint of Isadore*, 151 Wn.2d 294, 297, 88 P.3d 390 (2004) (citing *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969)). This standard is reflected in CrR 4.2(d), which mandates that the trial court "shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea." Under this rule, once a guilty plea is accepted, the trial court may allow withdrawal of the plea only "to correct

---

[1] RAP 10.10.

[2] Particularly when, as here, the defendant disputes his offender score calculation before sentencing, the record affirmatively indicates that the defendant did not enter his guilty plea relying on the higher standard range. Thus, we continue to question whether, in the absence of a showing of prejudice, a manifest injustice exists authorizing the lower court to allow the defendant to not only correct his offender score but also withdraw his plea.

a manifest injustice." CrR 4.2(f). Among other reasons, manifest injustice occurs if the plea was involuntary or the defendant was denied effective counsel. *State v. Wakefield*, 130 Wn.2d 464, 472, 925 P.2d 183 (1996). There is a strong public interest in enforcing plea agreements that are voluntarily and intelligently made. *State v. Walsh*, 143 Wn.2d 1, 6, 17 P.3d 591 (2001) (citing *In re Pers. Restraint of Breedlove*, 138 Wn.2d 298, 309, 979 P.2d 417 (1999)).

¶6 We review a trial court's decision on a motion to withdraw a guilty plea for abuse of discretion. *State v. Padilla*, 84 Wn. App. 523, 525, 928 P.2d 1141, *review denied*, 132 Wn.2d 1002 (1997). And we review the findings of fact that support this decision for substantial evidence. *State v. Brockob*, 159 Wn.2d 311, 343, 150 P.3d 59 (2006).

A. RETROACTIVITY OF *MENDOZA*

¶7 First, we address whether our Supreme Court's recent ruling in *Mendoza* applies in the present case. Both parties cite *Mendoza*, and we agree that it applies because Blanks's case was pending when it was issued. *See In re Pers. Restraint of St. Pierre*, 118 Wn.2d 321, 326, 823 P.2d 492 (1992) (new rules for the conduct of criminal prosecutions apply to all cases pending on direct review or not yet final when the rule is issued (citing *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S. Ct. 708, 93 L. Ed. 2d 649 (1987)).

B. SENTENCING RANGE

¶8 Blanks argues that his plea was involuntary because the agreement calculated his offender score at six, with a 98- to 130-month standard range sentence, but the trial court later found that two of Blanks's prior convictions were the same criminal conduct and accordingly reduced his offender score to five, with a 77- to 102-month standard range sentence.[3] *Mendoza* compels such a holding.

---

[3] The State does not argue that the trial court improperly recalculated Blanks's offender score, and the record before us does not contain the original sentencing court's "same criminal conduct" ruling from Blanks's prior conviction. Thus, on this record, we are unable to decide whether principles of collateral estoppel bar

¶9 But *Mendoza* also sets out circumstances in which a defendant waives his right to challenge the validity of a plea agreement that contains a miscalculated penalty. *Mendoza*, 157 Wn.2d at 591. Waiver may occur when (1) the miscalculation results in a less onerous penalty than written in the plea agreement, (2) the defendant is informed of the less onerous standard range before he is sentenced, and (3) the defendant is given the opportunity to withdraw the plea before sentencing but does not seize the opportunity. *Mendoza*, 157 Wn.2d at 591-92.

¶10 As in *Mendoza*, these three requirements are fulfilled in the present case and Blanks has waived his right to challenge the validity of his plea agreement. First, Blanks's plea agreement contained a more onerous penalty range than Blanks was ultimately subject to, due to a miscalculated offender score.

¶11 Second, before sentencing, the trial court informed Blanks that his plea agreement contained a miscalculation by granting Blanks's own motion and ruling that his offender score was five, not six. Blanks's offender score memorandum triggered the trial court's analysis of whether his prior convictions constituted the same criminal conduct. Blanks knew that the plea agreement may have contained a miscalculated offender score at the time he entered his guilty plea, suggesting that he did not rely on the greater offender score calculation when he proffered his plea.

¶12 Blanks now argues that he did not waive this argument because the trial court did not specifically inform him that the offender score miscalculation could serve as a basis for a plea withdrawal. Although the best practice is for the trial court to expressly inform the defendant of the miscalculation and offer an opportunity for plea withdrawal, the *Mendoza* court held that the defendant in that case had waived his right to withdraw his plea even though the court had not advised him that the miscalculated

---

the parties from relitigating the same criminal conduct issue before the court in a sentencing proceeding for a subsequent offense.

offender score provided a basis for him to do so. 157 Wn.2d at 584-86. Thus, this argument fails.

¶13 Third, the trial court corrected Blanks's offender score before sentencing. The court ruled that his offender score was five and then allowed Blanks and his attorney to speak before the court entered a sentence. Blanks had the opportunity to orally move to withdraw his plea, personally or through his attorney. Instead, Blanks told the trial court, "I'm going to ask that I get sentenced to the low end because I intelligently made a plea agreement." Report of Proceedings (RP) (Mar. 24, 2006) at 14.

¶14 Now Blanks argues that he was not given enough time because the trial court ruled on his offender score directly before it sentenced him. But *Mendoza* requires only the "opportunity to withdraw the plea," not a waiting period. 157 Wn.2d at 591. Blanks was informed of the miscalculation, it worked in his favor, and he did not move to withdraw his plea on this basis. Therefore, Blanks impliedly waived this argument. Further, Blanks affirmatively acknowledged that he made the plea agreement "intelligently."

¶15 We note that a determination of same criminal conduct is ultimately a question for the trial court, not attorneys engaged in plea negotiations. It is routine that attorneys do not know until shortly before sentencing whether the sentencing court will rule that two or more counts are the same criminal conduct. Thus, this is not an error in computing a defendant's offender score that surprises the defendant and renders his plea unknowing and the proceedings unfair. Rather, a same criminal conduct ruling is the resolution of an anticipated, identified, and disputed issue that the parties know the court will resolve before or at sentencing.

C. SSOSA

¶16 Blanks next argues that he did not understand that the State would not recommend a SSOSA as part of the plea

agreement and, therefore, his plea was involuntary or he was denied effective counsel. We disagree.

¶17 Blanks's argument is based solely on his subjective assertion that he did not know what was meant by the plea agreement's words "Defendant can petition for SSOSA. State will oppose SSOSA." Clerk's Papers at 9. At the motion to withdraw his plea, Blanks testified that he thought the plea agreement contained a SSOSA recommendation and that his attorney failed to adequately explain this portion of the plea. But Blanks's attorney, Dino Sepe, testified that he explained the plea in great detail and that Blanks apparently understood that the State would not recommend a SSOSA. The trial court held that Blanks was not a credible witness, this being a case of "buyer's remorse," and denied his motion to withdraw the plea. 1 RP at 139. Substantial evidence supported the trial court's finding that Blanks knew the meaning of the plea's plain explanation that he was free to request a SSOSA sentence but that the State would not recommend one. The trial court did not abuse its discretion when it concluded that Blanks knowingly and voluntarily entered his plea agreement.

EFFECTIVE ASSISTANCE OF COUNSEL

¶18 Blanks also urges reversal of his guilty plea on the ground of ineffective assistance of counsel. To prevail on this claim, Blanks must prove that his counsel performed deficiently and the deficient performance prejudiced him. *State v. Hendrickson*, 129 Wn.2d 61, 77-78, 917 P.2d 563 (1996) (citing *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). In the context of a guilty plea, a defendant must show that his counsel failed to actually and substantially assist him in deciding whether to plead guilty and that, but for counsel's failure to give adequate advice, he would not have pleaded guilty. *State v. McCollum*, 88 Wn. App. 977, 982, 947 P.2d 1235 (1997), *review denied*, 137 Wn.2d 1035 (1999). Blanks has not met this burden.

¶19 Blanks asserts two reasons that his counsel was deficient: (1) failure to explain adequately that the State

would not recommend a SSOSA and (2) failure to move to withdraw Blanks's guilty plea on the basis of the miscalculated offender score. The first ground is not supported by the record, as discussed above, because the only evidence supporting it was Blanks's testimony, which the trial court found untrustworthy. We do not make credibility determinations because the trier of fact is in the best position to observe demeanor and decide truthfulness. *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

¶20 The second argument also lacks support. We do not know whether Blanks's attorney discussed withdrawal on this basis. If Blanks has affidavits or other supporting documents for this claim, he may attach them to a personal restraint petition. *See* RCW 10.73.100; RAP 16.4. From the record before us, it appears that Blanks's primary motivation in withdrawing his plea agreement was that he wanted the State to recommend a SSOSA. He foreclosed that possibility when he testified that he lied about his guilty plea and dropped his SSOSA request. Moreover, Blanks told the trial court before sentencing that he intelligently entered his guilty plea.

¶21 Our Supreme Court had not issued *Mendoza* when Blanks's attorney advised Blanks about withdrawing his plea. Counsel does not perform deficiently by failing to raise an issue based on a case that does not yet exist. Nothing indicates that Blanks's counsel performed deficiently or that Blanks was prejudiced as a result.

SAG Arguments

¶22 In his SAG, Blanks raises several arguments: (1) he received *ineffective assistance of counsel or his plea was involuntary* because he was misinformed of his offender score in the plea agreement, (2) the trial court erred because it did not specifically inform him that he may withdraw his plea based on a miscalculated offender score in a plea agreement, (3) he did not waive his appeal because a court has no authority to enter a sentence higher than that contained in the plea agreement, (4) his counsel was

ineffective because he did not conduct a reasonable investigation before advising Blanks to agree to a plea, (5) his sentence is erroneous because the trial court found that two 1997 prior convictions were not the same criminal conduct, and (6) his sentence does not conform with former RCW 9.94A.712 (2001) because he had no prior strike offense.

¶23 We addressed the first, second, and third issues above.

■ ¶24 The fourth issue, relating to the reasonableness of defense counsel's pre-plea-agreement investigation, was litigated below. Blanks asked the trial court to withdraw his plea on the ground that his counsel did not adequately investigate the case and that, had counsel done so, he would have discovered exculpatory evidence or otherwise revealed reasons that Blanks should not have agreed to the plea. Blanks waived his attorney-client privilege, and then Blanks, his counsel, and the defense investigator all testified at length on this issue. In summary, Blanks said that he had given his counsel a list of witnesses who could help his case. But counsel testified that Blanks provided the list on the eve of trial even though counsel had asked Blanks to give him such information some six months before. Defense counsel and the investigator testified the investigation was routine and thorough and gave extensive details about how it was conducted. The trial court found that Blanks was not a credible witness and that the defense investigation was adequate. In essence, Blanks asks this court to reweigh the evidence and reassess credibility, two tasks reserved for the trier of fact, not the reviewing court. *Thomas*, 150 Wn.2d at 874-75. Sufficient evidence supports the trial court's ruling that Blanks's defense counsel was not ineffective, and we will not revisit the issue.

■ ■ ¶25 Fifth, Blanks argues that his sentence is erroneous because the trial court improperly ruled that two 1997 prior convictions were not the same criminal conduct. This argument is factually incorrect. The trial court found that Blanks's two 1997 convictions were the same criminal conduct but that his two 2002 convictions were not the

same criminal conduct. We, therefore, assume he is referring to the 2002 convictions. Two or more offenses are the same criminal conduct for sentencing purposes if the offenses (1) involved the same criminal intent, (2) occurred at the same time and place, and (3) involved the same victim. RCW 9.94A.589(1)(a). We review a trial court's same criminal conduct determination for abuse of discretion or misapplication of the law. *State v. Price*, 103 Wn. App. 845, 855, 14 P.3d 841 (2000) (citing *State v. Haddock*, 141 Wn.2d 103, 110, 3 P.3d 733 (2000)), *review denied*, 143 Wn.2d 1014 (2001). Here, the trial court examined the 2002 probable cause declaration and found that Blanks completed a second degree assault, time elapsed and the victims calmed down, and then Blanks made a comment for which he was convicted of felony harassment. The trial court did not abuse its discretion when it held that the 2002 convictions were not the same criminal conduct because the two criminal acts did not occur at the same time.

¶26 Last, Blanks asserts that the trial court should not have sentenced him under former RCW 9.94A.712 because he had no prior strike offense. The trial court sentenced Blanks to 90 months to life under that statute. Blanks was convicted of first degree child molestation and was more than 17 years old when he committed the crime. *See* former RCW 9.94A.712(1)(a), (2). No prior strike offense is required to authorize sentencing under this statute when the conviction is for first degree child molestation.[4] This argument is meritless.

¶27 Because Blanks's offender score was corrected and he proceeded to sentencing on the lower score without objection, he waived his claim that he should be allowed to

---

[4] Former RCW 9.94A.712(1) states:

An offender who is not a persistent offender shall be sentenced under this section if the offender:

    (a) Is convicted of:

        (i) Rape in the first degree, rape in the second degree, rape of a child in the first degree, child molestation in the first degree, rape of a child in the second degree, or indecent liberties by forcible compulsion.

withdraw his guilty plea on this basis. There being no other showing of error or manifest injustice requiring vacation of his plea, we affirm.

VAN DEREN, A.C.J., and BRIDGEWATER, J., concur.