173 P.3d 994 (2007)
STATE of Washington, Appellant,
v.
Barby MURAWSKI, Respondent.
No. 56941-4-I.
Court of Appeals of Washington, Division 1.
December 24, 2007.
Scott Allen Peterson, Attorney at Law, Seattle, WA, for Appellant.
Thomas Michael Kummerow, Washington Appellate Project, Seattle, WA, for Respondent.
*995 AGID, J.
¶ 1 The State charged Barby Murawski with theft in the first degree before the United States Supreme Court's decision in Blakely v. Washington[1] rendered Washington's procedures for imposing exceptional sentences unconstitutional. She pleaded guilty after RCW 9.94A.537, a statute intended to bring Washington law into compliance with Blakely, became effective. This appeal results from the State's repeated efforts to constitutionally obtain an exceptional sentence against Murawski during this period when the law was unsettled. The State argues that the sentencing court erroneously refused to empanel a jury under RCW 9.94A.537, believing that it lacked the authority to do so because Murawski committed her crime before the legislature enacted RCW 9.94A.537. Based on the Washington Supreme Court's recent holding in State v. Pillatos, that RCW 9.94A.537 applies to all criminal cases where trials have not begun or pleas have not been accepted before its effective date,[2] we reverse Murawski's sentence and remand for sentencing in accordance with RCW 9.94A.537.

FACTS
¶ 2 On April 27, 2004, the State charged Murawski with one aggregate count of theft in the first degree for embezzling $171,970 from her employer, Costco Wholesale Corporation. In response to Blakely's holding that a criminal defendant has a right to have any aggravating facts other than recidivism found by a jury,[3] the State moved to amend the information to give Murawski notice of its intent to prove aggravating factors to support an exceptional sentence. On September 9, 2004, The Honorable Douglas D. McBroom granted the State's motion to amend, over Murawski's objections. The amended information alleged that the first degree theft count was aggravated because it was a major economic offense involving multiple incidents of theft from the victim, involved a high degree of sophistication and planning, occurred over a lengthy period of time, involved actual monetary loss substantially greater than typical for the offense, and the defendant abused her position of trust, confidence, and fiduciary responsibility to facilitate the commission of the offense. Murawski entered a plea of not guilty to the amended charge.
¶ 3 On April 15, 2005, RCW 9.94A.537, a statute intended to conform the Sentencing Reform Act of 1981(SRA), chapter 9.94A RCW, to the holding in Blakely, became effective.[4] On May 23, 2005, Murawski moved to strike the aggravating facts from the amended information as surplusage based on the Washington Supreme Court's holding in State v. Hughes, filed on April 14, 2005, that, in the absence of a statutory procedure, judges lack the authority to empanel juries for the purpose of finding aggravating facts for sentencing on remand.[5] The Honorable Gregory Canova granted the motion to strike, ruling that Judge McBroom erred in granting the State's motion to amend and in refusing to allow Murawski to plead guilty to the original information. Immediately following this ruling, Murawski pleaded guilty to the original information.
¶ 4 On July 15, 2005, Murawski had a sentencing hearing before the Honorable Sharon Armstrong. The State moved to empanel a jury to prove the aggravating facts necessary to support an exceptional sentence under RCW 9.94A.537. Judge Armstrong denied the motion based on Judge Canova's earlier ruling and sentenced Murawski to 90 days' incarceration, the maximum standard range sentence. The State appeals.

DISCUSSION
I. Appealability Under RCW 9.94A.585(1) & RAP 2.2(b)(6)
¶ 5 As a threshold matter, Murawski contends this case should be dismissed because *996 the State cannot appeal the trial court's imposition of a standard range sentence. Generally, under RCW 9.94A.585(1) and RAP 2.2(b)(6), the State cannot appeal the length of a standard range criminal sentence. But these prohibitions do not prevent the State from challenging the "the underlying legal conclusions and determinations by which a court comes to apply a particular sentencing provision."[6]
¶ 6 Here, the State contends that the sentencing judge erroneously believed she lacked the authority to empanel a jury to find aggravating facts justifying an exceptional sentence for Murawski after she pleaded guilty. It argues the recent enactment of RCW 9.94A.537 mandates the use of a jury to find any aggravating circumstances alleged by the State, after a defendant has pleaded guilty, unless the defendant is willing to stipulate to the aggravating facts or waives her right to a jury. Thus, although the State's appeal seeks a procedure that may result in an increased sentence for Murawski, it is not contesting the length of her sentence, but rather the sentencing court's decision not to apply RCW 9.94A.537. This is an issue of law, and we hold the State's appeal is not barred by RCW 9.94A.585(1) or RAP 2.2(b)(6).
II. Double Jeopardy
¶ 7 Under RAP 2.2(b), the State cannot appeal a superior court decision in a criminal matter if that appeal will place the defendant in double jeopardy. The Fifth Amendment to the United States Constitution and article I, section 9 of the Washington Constitution prohibit double jeopardy, guaranteeing that the State cannot prosecute or punish a person twice for the same offense.[7] The double jeopardy analysis is the same under both the federal and state constitutions.[8] RCW 10.43.020 and RCW 10.43.050 are essentially statutory restatements of double jeopardy prohibitions.[9]
¶ 8 Murawski contends that this appeal must be dismissed because it violates double jeopardy, RCW 10.43.020, and RCW 10.43.050. She relies on State v. Padilla, in which Division Three of this court held that a guilty plea is the functional equivalent of a conviction for purposes of RCW 10.43.050 and bars further proceedings for the same crime in another degree.[10] But this case is distinguishable from Padilla. There, the State charged Padilla with two offenses in the alternative based on the same criminal conduct.[11] The court allowed Padilla to plead to the offense with the lesser penalty, over the State's objection, and dismissed the other count.[12] The State appealed, seeking to obtain a conviction on the other count.[13] Here, the State charged Murawski with only one crime but sought an exceptional sentence based on the way in which she committed that crime.
¶ 9 Murawski argues that an allegation of aggravating factors justifying an exceptional sentence should be treated like a second count pleaded in the alternative. There is no support for this argument. She bases it on the United States Supreme Court's statement that aggravating factors "operate as `the functional equivalent of an element of a greater offense'" in the context of determining whether a defendant has the right to have a jury find those factors beyond a reasonable doubt.[14]
*997 ¶ 10 Murawski cites, for the first time in her motion for reconsideration, Sattazahn v. Pennsylvania,[15] arguing it holds that an element of an offense is identical "for purposes of the Sixth Amendment's jury trial guarantee and the Fifth Amendment's double jeopardy analysis."[16] She quotes selectively from Sattazahn as follows:
"In Ring v. Arizona, [citation omitted], we held that aggravating circumstances that make a defendant eligible for the death penalty `operate as "the functional equivalent of an element of a greater offense."' [citation omitted]. That is to say, for purposes of the Sixth Amendment's jury-trial guarantee, the underlying offense of `murder' is a distinct, lesser included offense of `murder plus one or more aggravating circumstances' . . .
. . .
We can think of no principled reason to distinguish, in this context, between what constituted an offense for the purposes of the Sixth Amendment's jury trial guarantee and what constitutes an `offence' for purposes of the Fifth Amendment's Double Jeopardy Clause."[[17]]
¶ 11 But whether aggravating factors charged in a death penalty case are elements of the "greater" crime of murder-punishable-by-death is not relevant to this appeal. Even if they were, as the Sattazahn court held, a trial or a retrial on aggravating factors may proceed unless a judge or a jury has acquitted the defendant on those same aggravating factors:
[I]f petitioner's first sentencing jury had unanimously concluded that Pennsylvania failed to prove any aggravating circumstances, that conclusion would operate as an "acquittal" of the greater offense-which would bar Pennsylvania from retrying petitioner on that greater offense (and thus, from seeking the death penalty) on retrial.
But that is not what happened. Petitioner was convicted in the guilt phase of his first trial of the lesser offense of first-degree murder. During the sentencing phase, the jury deliberated without reaching a decision on death or life, and without making any findings regarding aggravating or mitigating circumstances. After 3 1/2 hours the judge dismissed the jury as hung and entered a life sentence in accordance with Pennsylvania law. As explained, neither judge nor jury "acquitted" petitioner of the greater offense of "first-degree murder plus aggravating circumstance(s)." Thus, when petitioner appealed and succeeded in invalidating his conviction of the lesser offense, there was no double-jeopardy bar to Pennsylvania's retrying petitioner on both the lesser and the greater offense; his "jeopardy" never terminated with respect to either.[[18]]
¶ 12 Here no judge or jury has even considered much less acquitted Murawski of the allegations on which the aggravating circumstances are based. Accordingly, there is no basis on which to prohibit a trier of fact from considering those factual allegations for the first time. Double jeopardy considerations do not apply here.
¶ 13 Murawski also cites a recent Ninth Circuit case to support her position that this appeal violates double jeopardy by essentially allowing the State to try her twice for the same crime. In United States v. Blanton, the Ninth Circuit held that some sentencing proceedings cannot be appealed without violating double jeopardy.[19] But it did not hold that the State can never appeal a sentencing decision without violating double jeopardy. *998 Instead, the Blanton court explained that to determine whether an appeal violates double jeopardy, one must look to the nature of the sentencing decision appealed:
[W]e find that the general inapplicability of the Double Jeopardy Clause to sentencing proceedings is not sufficient to answer the question presented in this case. Rather, we look behind the labels to the constitutional commands governing the treatment of sentencing enhancements that increase the statutory maximum to which the defendant would otherwise be exposed. . . . [[20]]
According to Blanton, jeopardy attaches to bar an appeal from a sentencing decision when the ruling appealed is "directly related to guilt or innocence."[21] In Blanton, the government sought to appeal a district court's determination that was the equivalent of a jury finding in the defendant's favor.[22] The trial court had considered the aggravating factors alleged and determined that they were legally insufficient and could not be applied to enhance Blanton's sentence.[23] In contrast, here, the sentencing court did not determine whether any aggravating circumstances existed. This case is distinguishable from Blanton because the sentencing court's refusal to use the recently enacted statutory procedure to consider whether any aggravating circumstances applied cannot be characterized as a resolution of guilt or innocence. In Blanton, the government sought to retry the issue of whether any aggravating circumstances existed.[24] Here, the State merely seeks to apply a statutory procedure to consider the aggravating circumstances for the first time.
¶ 14 Nor does the State seek to punish Murawski twice for the same criminal conduct. It merely seeks to use the correct procedure for determining her punishment. In State v. Pringle, the Washington Supreme Court held that remanding a case for resentencing based on a procedural error committed by the sentencing court does not violate double jeopardy.[25] It explained its holding by quoting the reasoning in a United States Supreme Court case: "`[t]he Constitution does not require that sentencing should be a game in which a wrong move by the judge means immunity for the prisoner.'"[26] The same reasoning applies here. Murawski is not entitled to a lesser punishment than those convicted of the same offense with the same aggravating factors before Blakely and after Pillatos[27] by virtue of being sentenced at a time when the law was unsettled and the sentencing court judge was unaware of her authority.[28] Provided that any enhanced sentence imposed on remand is reduced based on the time Murawski has already served, we hold that this appeal does not violate double jeopardy and decline to dismiss it under RAP 2.2(b).[29]
III. Authority To Empanel a Jury Under RCW 9.94A.537
¶ 15 Whether the sentencing court had authority to empanel a jury to find aggravating circumstances under RCW 9.94A.537 is a question of law, which we *999 review de novo.[30] The legislature enacted RCW 9.94A.537 to conform the SRA to Blakely's holding that aggravating factors justifying exceptional sentences, other than the fact of a prior conviction, must be proven to a jury beyond a reasonable doubt.[31] RCW 9.94A.537 became effective on April 15, 2005,[32] and provides in relevant part:
(1) At any time prior to trial or entry of a guilty plea if substantial rights of the defendant are not prejudiced, the state may give notice that it is seeking a sentence above the standard sentencing range. The notice shall state aggravating circumstances upon which the requested sentence will be based.
(2) The facts supporting aggravating circumstances shall be proved to a jury beyond a reasonable doubt. The jury's verdict on the aggravating factor must be unanimous, and by special interrogatory. If a jury is waived, proof shall be to the court beyond a reasonable doubt, unless the defendant stipulates to the aggravating facts.
In Pillatos, the Washington Supreme Court held that RCW 9.94A.537 applies to all criminal cases where trials have not begun or pleas have not been accepted before its effective date, even if the crimes for which the State is seeking an exceptional sentence were committed before the statute was enacted.[33] The court explained that this application does not raise retroactivity concerns because the triggering event for application of the statute is not the criminal act itself, but rather the entry of a plea or the beginning of trial.[34] And the application of RCW 9.94A.537 to crimes committed before Blakely poses no notice problems because at that time "Washington had a seemingly valid exceptional sentencing system which gave fair notice of the risk of receiving such a sentence."[35]
¶ 16 Here, Murawski pleaded guilty after RCW 9.94A.537 became effective. But the sentencing court refused to empanel a jury to find the aggravating facts alleged by the State because it erroneously believed that it lacked the authority to do so. In her supplemental brief addressing the effect of Pillatos, Murawski essentially concedes that the sentencing court had authority to empanel a jury under RCW 9.94A.537, but argues that remand would violate double jeopardy prohibitions. Because we conclude that remand will not violate double jeopardy, we reverse the sentencing court's decision and remand to empanel a jury to consider aggravating factors for sentencing in accordance with RCW 9.94A.537.[36]
WE CONCUR: DWYER and ELLINGTON, JJ.
NOTES
[1] 542 U.S. 296, 313-14, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).
[2] 159 Wash.2d 459, 474, 150 P.3d 1130 (2007).
[3] 542 U.S. at 313-14, 124 S.Ct. 2531.
[4] Laws of 2005, ch. 68.
[5] 154 Wash.2d 118, 151-52, 110 P.3d 192 (2005), overruled in part on other grounds by Washington v. Recuenco, ___ U.S. ___, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006).
[6] State v. Williams, 149 Wash.2d 143, 147, 65 P.3d 1214 (2003) (citing State v. Mail, 121 Wash.2d 707, 712, 854 P.2d 1042 (1993)).
[7] State v. Leming, 133 Wash.App. 875, 881, 138 P.3d 1095 (2006) (citing State v. Baldwin, 150 Wash.2d 448, 453-54, 78 P.3d 1005 (2003)), review denied, 160 Wash.2d 1006, 158 P.3d 615 (2007).
[8] State v. Gocken, 127 Wash.2d 95, 107, 896 P.2d 1267 (1995).
[9] State v. Ahluwalia, 143 Wash.2d 527, 539, 22 P.3d 1254 (2001); State v. Russell, 33 Wash.App. 579, 584, 657 P.2d 338 (1983), aff'd in part rev'd in part, State v. Russell, 101 Wash.2d 349, 678 P.2d 332 (1984).
[10] 84 Wash.App. 523, 526, 928 P.2d 1141, review denied, 132 Wash.2d 1002, 939 P.2d 215 (1997).
[11] Id. at 525, 928 P.2d 1141.
[12] Id.
[13] Id.
[14] Ring v. Arizona, 536 U.S. 584, 609, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) (quoting Apprendi v. New Jersey, 530 U.S. 466, 494 n. 19, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)).
[15] 537 U.S. 101, 123 S.Ct. 732, 154 L.Ed.2d 588 (2003).
[16] (Motion at p. 2.) Under RAP 2.5(a) and myriad cases applying it, we would not consider an argument raised this late in the appeal. But given the unusual circumstances of this case, we choose to address it in this amended opinion.
[17] (Alterations in original.) (quoting 537 U.S. at 111, 123 S.Ct. 732).
[18] 537 U.S. at 112-13, 123 S.Ct. 732. There are two bases on which to question Sattazahn and to distinguish Sattazahn from this case. First, the language relied on reflects the opinion of less than a majority of the court. Second, the court repeatedly emphasized that it was a death penalty case. We do not need to reach either argument because Murawski does not meet the threshold requirement for applying the double jeopardy bar.
[19] 476 F.3d 767, 772 (9th Cir.2007).
[20] Id.
[21] Id. at 771.
[22] Id.
[23] Id. at 770.
[24] Id. at 771.
[25] 83 Wash.2d 188, 194, 517 P.2d 192 (1973).
[26] Id. (quoting Bozza v. United States, 330 U.S. 160, 166, 67 S.Ct. 645, 91 L.Ed. 818 (1947)).
[27] 159 Wash.2d at 474, 150 P.3d 1130 (RCW 9.94A.537, by its terms, applies to all criminal cases where trials have not begun or pleas have not been accepted before its effective date of April 15, 2005.).
[28] The answer would have been different if Murawski had pleaded before RCW 9.94A.537 became effective because before that statute's effective date, sentencing courts lacked authority to empanel juries for the purpose of finding aggravating facts. Pillatos, 159 Wash.2d at 470, 150 P.3d 1130. But that is not the case here.
[29] See State v. Hall, 35 Wash.App. 302, 308, 666 P.2d 930 (1983) (The only limitation imposed by double jeopardy in erroneous sentencing cases is "that punishment already imposed must be fully credited when an appropriate sentence is entered for the offense.") (citations omitted) (citing North Carolina v. Pearce, 395 U.S. 711, 718, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled on other grounds by Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989)).
[30] Pillatos, 159 Wash.2d at 469, 150 P.3d 1130 (citing Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wash.2d 1, 9, 43 P.3d 4 (2002)).
[31] Laws of 2005, ch. 68; see also Blakely, 542 U.S. at 313-14, 124 S.Ct. 2531.
[32] Laws of 2005, ch. 68, § 7.
[33] 159 Wash.2d at 474, 150 P.3d 1130.
[34] Id. at 471, 150 P.3d 1130.
[35] Id. at 470, 150 P.3d 1130 (citing State v. Gore, 143 Wash.2d 288, 313-14, 21 P.3d 262 (2001), overruled in part on other grounds by Hughes, 154 Wash.2d 118, 110 P.3d 192).
[36] Although the parties do not raise this issue, one could argue that, even under RCW 9.94A.537, a sentencing court cannot empanel a jury to find aggravating circumstances not pleaded in the information. The Pillatos court considered this possibility in dicta and rejected reading RCW 9.94A.537(1)'s notice requirement so narrowly. 159 Wash.2d at 479, 150 P.3d 1130. Here, although the aggravating circumstances had been stricken from the amended information as surplusage before sentencing, Murawski certainly had notice of the State's intention to seek an exceptional sentence based on those aggravators, which is all that is explicitly required under RCW 9.94A.537(1).