

COURT OF APPEALS
STATE OF WASH

2018 JAN 29 AM 8:55

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

      Respondent,

v.

SHAN DEWAYNE RIVERS,

      Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

No. 75804-7-I
(Consolidated with
No. 75805-5-I)

DIVISION ONE

UNPUBLISHED

FILED: January 29, 2018

Cox, J. – Shan Rivers appeals his judgment and sentences based on his pleas to forgery and attempted residential burglary. He contends his guilty pleas were neither knowing nor voluntary because he was misinformed as to the nature of these specific counts. The record shows that Rivers was correctly informed of the nature and number of charges to which he pled guilty. Because he fails to meet his burden to show a manifest injustice, we affirm.

This consolidated appeal arises from two separate criminal cases against Rivers. The State alleged that Rivers took financial advantage of two victims, draining their bank accounts by forging checks and making unauthorized debit-card purchases. For this conduct, it charged him, under superior court case number 15-1-06447-5 with one count of second-degree identity theft and seven counts of forgery. On appeal, this case is designated No. 75804-7-I.

Subsequent to that case's filing, Rivers allegedly broke into an apartment and stole a purse, which he used to further steal money from a checking account. For this, the State charged him, under superior court case number 16-1-01273-2, with residential burglary, domestic violence misdemeanor violation of a court order, and two counts of second-degree identity theft. The residential burglary charge was reduced later by amended information to attempted residential burglary. On appeal, this case is designated No. 75805-5-I.

Rivers and the State entered into plea agreements to resolve both cases. The residential burglary charge was reduced to attempted residential burglary. At the plea hearing, the prosecutor incorrectly stated that Rivers was pleading to attempted first degree burglary rather than attempted residential burglary.

At the plea hearing, Rivers' plea statement incorrectly states once that he was pleading to eight counts of forgery. But it reportedly states thereafter that he was pleading to seven counts of that charge. Both prosecution and defense counsel repeatedly and correctly stated that the pleas included one count of attempted residential burglary and seven counts of forgery.

Neither Rivers nor defense counsel expressed any misunderstanding of the nature of the guilty pleas. The trial court sentenced Rivers to concurrent prison-based drug offender sentencing alternatives.

Rivers appeals his sentences in these consolidated cases.

## KNOWING AND VOLUNTARY PLEA

Rivers argues that he should be allowed to withdraw his guilty plea because it was not knowing or voluntary. We disagree.

2

Due process requires that a defendant's guilty plea be knowing, voluntary, and intelligent.[1] CrR 4.2(d) codifies this principle and mandates that the trial court "shall not accept a plea of guilty, without first determining that it is made voluntarily, competently and with an understanding of the nature of the charge and the consequences of the plea."

This rule also allows the trial court to permit withdrawal of the plea "to correct a manifest injustice."[2] A plea may be withdrawn under this standard if based on a mistake that bears upon the offender score, sentencing range, or charges subject to the plea, rendering the plea unknowing and involuntary.[3]

A plea may be unknowing and involuntary even if the sentencing consequences are actually less severe than those the defendant understood in entering the plea.[4] For example, the supreme court has held that a defendant may withdraw his plea based on a miscalculated offender score resulting in a lower standard range than anticipated by the parties in negotiating the plea.[5] The misinformation need not be material to the defendant's pleading decision.[6]

---

[1] In re Pers. Restraint of Isadore, 151 Wn.2d 294, 297, 88 P.3d 390 (2004).

[2] CrR 4.2(f).

[3] State v. Codiga, 162 Wn.2d 912, 925, 175 P.3d 1082 (2008).

[4] State v. Mendoza, 157 Wn.2d 582, 590, 141 P.3d 49 (2006).

[5] Id. at 591.

[6] Isadore, 151 Wn.2d at 296.

The defendant bears the burden to show the presence of a manifest injustice, "one that is 'obvious, directly observable, overt, [and] not obscure.'"[7] A plea may be shown as valid based on either the oral colloquy or the written plea.[8] The trial court may rely on the "written plea agreement where the defendant told the court he had read the agreement and that the statements contained therein were truthful."[9] Additionally, a defendant may be deemed sufficiently informed when misinformation is corrected prior to sentencing.[10]

Here, the record demonstrates that Rivers was informed of the nature of the pleas to the charges on which sentencing was based. His argument turns on whether he was informed that he was pleading to attempted residential burglary, rather than attempted first degree burglary. It also turns on whether he knew he was pleading to seven, rather than eight counts of forgery. The record shows that the prosecutor and defense counsel both made incorrect statements about these two distinctions. But it also shows that Rivers was properly informed of the true nature of the criminal charges to which he pled guilty.

The State initially charged Rivers with seven counts of forgery in case No. 15-1-06447-5, together with one other crime. It also charged him in case No. 16-1-01273-2 with residential burglary, in addition to other crimes. Rivers entered

---

[7] Mendoza, 157 Wn.2d at 586 (quoting In re Pers. Restraint of Matthews, 128 Wn. App. 267, 274, 115 P.3d 1043 (2005)).

[8] Codiga, 162 Wn.2d at 923.

[9] Id.

[10] State v. Blanks, 139 Wn. App. 543, 550, 161 P.3d 455 (2007).

4

plea agreements to resolve both cases. The agreement pertaining to case No. 15-1-06447-5 shows that Rivers would plead guilty to the seven counts of forgery in the original information. For case No. 16-1-01273-2, he agreed to plead to the reduced charge of attempted residential burglary in an amended information instead of residential burglary, as originally charged.

The first page of Rivers' plea-statement reads, on Rivers' behalf, that "I am charged with the crime(s) of 1 count of identity theft 2nd degree, and eight counts of forgery." But the document repeatedly thereafter indicates only seven counts of forgery, labeled counts II-VIII.

At the plea hearing, the prosecutor asked Rivers if he understood that he was pleading to eight counts of forgery. Rivers acknowledged that he did. But the prosecutor later asked if he understood that he was pleading to seven counts of forgery. Again, Rivers said that he did.

The prosecutor also noted that she was correcting the paperwork to reflect the midpoint of the standard range for the "eight counts of forgery." But at sentencing, the prosecutor read aloud the State's sentencing recommendation, which referenced seven counts.

Taken together, the written plea agreement that Rivers signed and the colloquy at the plea hearing demonstrate that he understood he was pleading to seven counts of forgery, not eight.

Regarding the attempted residential burglary charge, the prosecutor incorrectly characterized this charge as "attempted burglary in the first degree." But the plea agreement that Rivers signed and the amended information the

5

agreement referenced unequivocally indicate that the correct charge was "attempted residential burglary." And subsequent to her misstatement, the prosecutor asked Rivers if he understood that he was pleading guilty to one count of attempted residential burglary, which Rivers affirmed. The prosecutor again referenced the correct crime at sentencing.

This record shows that notwithstanding some confusion at the plea hearing, Rivers was informed orally and in writing of the correct nature of the charges to which he pled guilty. Specifically, he was informed, and acknowledged, that he was pleading to one count of attempted residential burglary and seven counts of forgery. For these reasons, Rivers fails in his burden to show that there is a manifest injustice that entitles him to withdraw his guilty pleas to the charges.

We affirm the judgment and sentences.

Cox, J.

WE CONCUR:

Spearman, J.

Leach, J.