IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| THE STATE OF WASHINGTON,<br><br>             Respondent,<br><br>      v.<br><br>NICHOLAS ANTHONY ANTONIE,<br><br>             Appellant. | No. 86154-9-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

DÍAZ, J. — Antonie pled guilty to one felony and three misdemeanors. The court accepted the parties' sentencing recommendation and intended to impose a period of confinement one-half the midpoint of his standard range, consistent with the proposed prison-based drug offender sentencing alternative (DOSA). However, the plea agreement and, in turn, the judgment and sentence (J&S) provided for a period of confinement slightly shorter than the correct time period simply because of a mathematical error. Within the fortnight, the court granted the parties' joint motion to correct the error and amend his J&S. Antonie now asks this court to reverse his convictions or, alternatively, allow him to withdraw his plea. We decline to do so because Antonie waived any error by—through counsel— expressly agreeing to the joint motion to amend rather than withdrawing or seeking to specifically enforce his plea. Thus, we affirm.

## I.  BACKGROUND

To resolve three separate actions, Antonie entered Alford[1] pleas of guilt to one count of felony harassment (domestic violence, DV) and three misdemeanors.[2]

At sentencing, the court adopted the parties' proposed resolution, namely, a DOSA for the felony.  The court also accepted the parties' agreed offender score of six, which generated a standard range of 22 to 29 months.  Consistent with the plea agreement, the proposed resolution, and RCW 9.94A.662(2)(a)-(b), the court intended to impose a period of confinement of "one-half the midpoint of the standard range," which should have been 12.75 months.  Instead, the court imposed 12.5 months of confinement.  The court provided Antonie credit for the time he had already served and released him from confinement to begin his period of community custody under the DOSA, also mistakenly 12.5 months.

The Department of Corrections (DOC) notified the parties of the above error in an email less than a week after sentencing.  Antonie's attorney responded that he "agree[d]" the J&S should be amended and thereafter provided the State a draft joint motion to amend the sentence.  The parties then jointly moved the court to correct the error and amend Antonie's J&S.  The court granted the motion.[3]

---

[1] North Carolina v. Alford, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).
[2] The misdemeanors included two counts of violation of a court order (DV) and one count of harassment (DV).  None are at issue here and, thus, we discuss them no further.
[3] Prior to the joint motion filing, Antonie also filed notices of appeal for all three case numbers through the same attorney.  The parties do not brief why he did so or what, if any, meaning those filings have for this appeal.  Thus, we discuss these filings no further.

## II.    ANALYSIS

Antonie argues his "convictions must be reversed because he was incorrectly advised that the DOSA would involve confinement and community custody terms of 12.5 months each, when the correct terms were actually 12.75 months," rendering the conviction "invalid."   Alternatively, he seeks to "withdraw his plea of guilty in all three consolidated cases," because the State "breached the plea agreement by moving to modify the judgment and sentence to increase the terms of confinement and community custody beyond what it had agreed to recommend."   On the specific facts in this case, he is not entitled to such relief.

It is true that "'[d]ue process requires an affirmative showing that a defendant entered a guilty plea intelligently and voluntarily'" and a "guilty plea may be considered involuntary when it is based on misinformation regarding a direct consequence of the plea."    In re Pers. Restraint of Stockwell, 179 Wn.2d 588, 594, 316 P.3d 1007 (2014) (alteration in original) (quoting State v. Ross, 129 Wn.2d 279, 284, 916 P.2d 405 (1996)).  And "[u]nder CrR 4.2(f), a court must allow a defendant to withdraw a guilty plea if necessary to correct a manifest injustice" and an "involuntary plea produces a manifest injustice."    In re Pers. Restraint of Isadore, 151 Wn.2d 294, 298, 88 P.3d 390 (2004), abrogated on other grounds as recognized by State v. Buckman, 190 Wn.2d 51, 87, 409 P.3d 193 (2018) (Gordon

---

Additionally, Antonie's original J&S provided that an additional 12 months of community custody would be imposed if Antonie violated his DOSA.  The parties' joint motion also removed this condition, as felony harassment (DV) does not fall under RCW 9.94A.411, chapter 69.50 RCW, or chapter 69.52 RCW.  Antonie's appellate brief acknowledges this change, but presents substantive argument only on the above mentioned "calculation error."  Thus, we likewise will discuss this error no further.

McCloud, J., dissenting).

Even so, a defendant may waive their ability to challenge their plea as involuntary. Stockwell, 179 Wn.2d at 595. In surveying the cases, we have held that "[w]aiver may occur," for example, "when (1) the miscalculation results in a less onerous penalty than written in the plea agreement, (2) the defendant is informed of the less onerous standard range before he is sentenced, and (3) the defendant is given the opportunity to withdraw the plea before sentencing but does not seize the opportunity." State v. Blanks, 139 Wn. App. 543, 549, 161 P.3d 455 (2007) (citing State v. Mendoza, 157 Wn.2d 582, 591-92, 141 P.3d 49 (2006)).

And we have also held that, "[w]here a plea is entered into involuntarily, a defendant may choose to specifically enforce the agreement or to withdraw the plea." In re Pers. Restraint of Bradley, 165 Wn.2d 934, 941, 205 P.3d 123 (2009) abrogated on other grounds as recognized by Buckman, 190 Wn.2d at 87 (Gordon McCloud, J., dissenting).

Antonie interprets Blanks and Mendoza as providing the only way in which waiver may occur. Namely, he argues that a defendant must have been advised of the error *prior* to sentencing and then failed to either move to specifically enforce the pre-existing agreement or withdraw the plea. We disagree.

While the courts in Mendoza and Blanks identified situations where waiver can occur, neither limits waiver to that specific situation. Blanks, 139 Wn. App. at 549; Mendoza, 157 Wn.2d at 591-92. Instead, in considering when the error was discovered, our Supreme Court in Mendoza expressed broader concern that the defendant "did not object to sentencing or move to withdraw his plea as

4

involuntary" and noted his new sentence was "statutorily authorized." 157 Wn.2d at 584-85 (plea vs. sentence), 592 (quotes). This court in Blanks additionally observed the defendant "acknowledged that he made the plea agreement "'intelligently.'" 139 Wn. App. at 550. In other words, the wider animating concern of Mendoza and Blanks was whether (a) the sentence was statutorily authorized and whether (b) the defendant objected or acquiesced after learning of the error.

Here, there is no question that the clear intent of the proposed resolution— to confine Antonie to one half the mid-point of his correctly calculated standard range—was statutorily authorized and provided in the original sentence.

Further, here, Antonie through his attorney "agree[d]" and presented a joint motion to amend his [J&S]," i.e., acquiesced, to his new sentence. And the record does not indicate Antonie himself objected to this joint motion or otherwise sought to withdraw his plea or move for specific performance. Cf. In re Pers. Restraint of Amos, 1 Wn. App. 2d 578, 587, 406 P.3d 707 (2017) (illustrating a situation where a DOC email noted a sentencing error and the defendant filed a pro se appeal directly alleging he never consented to the joint stipulation amending his J&S).

In response, Antonie relies on State v. Codiga, 162 Wn.2d 912, 929, 175 P.3d 1082 (2008), in which our Supreme Court held that, "[w]here a criminal history is correct and complete, but the attorneys miscalculate the resulting offender score, then the defendant should not be burdened with assuming the risk of legal mistake." Here, it is undisputed that, not only were the offender score and standard range correct, but the formula intended to generate the period of confinement was correct. Thus, unlike in Codiga, 162 Wn.2d at 929, the sentence the parties and

the court wished to generate was "intelligently" entered. <u>Blanks</u>, 139 Wn. App. at 550.

Thus, we hold Antonie waived his ability to challenge his plea as involuntary because he acquiesced to the joint motion to amend the sentence and did not otherwise challenge it at that point in time.[4]

### III.    CONCLUSION

We affirm.

_Díaz, J._

WE CONCUR:

_Feldman, J._          _Coburn, J._

---

[4] We need not reach Antonie's alternative argument that the State breached the plea agreement by taking the mechanical step of physically filing the joint motion to amend. As discussed, the record does not indicate Antonie objected to the State filing the joint motion and, in fact, the record shows Antonie through counsel asked it to.